**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEJAY BAILEY,

                Petitioner - Appellant,

   v.

J. N. KATAVICH, Warden,

                Respondent - Appellee.

No. 10-55938

D.C. No. 2:09-cv-07842-SVW-MLG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted January 9, 2013[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, McKEOWN and M. SMITH, Circuit Judges.

    Dejay Bailey, a California state prisoner, appeals the district court's denial

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for second degree robbery. Reviewing de novo the district court's decision, *see Shumway v. Payne*, 223 F.3d 982, 984 (9th Cir. 2000), we affirm.

Bailey argues that the totality of the evidence was insufficient to show that he intended to permanently deprive the victim of her property. The district court properly determined that the California Court of Appeal's decision on direct review was not "contrary to," or "an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The undisputed facts amply suffice to permit a jury to conclude that Bailey "dealt with [the license plate] in such a way as to create an unreasonable risk of permanent loss," thereby demonstrating "an intent to steal." *People v. Zangari*, 89 Cal. App. 4th 1436, 1446 (2001). Despite the arguably contrary evidence cited by Bailey, "the only question under *Jackson* is whether [a jury] finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012) (per curiam). Here, "the evidence at [Bailey]'s trial was not nearly sparse enough to sustain a due process challenge under *Jackson*." *Id.*

**AFFIRMED.**